# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13cv573

| | |
|---|---|
| STEPHEN J. ROWE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability insurance benefits and supplemental security income. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 12 & # 17]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 17], **DENY** Plaintiff's Motion for Summary Judgment [# 12], and **AFFIRM** the Commissioner's decision.

**I.     Procedural History**

Plaintiff filed an application for disability insurance benefits on January 26, 2012. (Transcript of Administrative Record ("T.") 164.) Plaintiff filed an

application for Supplemental Security Income on January 23, 2012. (T. 158.) Plaintiff alleged an onset date of December 4, 2010. (T. 158, 164.) The Social Security Administration denied Plaintiff's claim. (T. 103-07.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 110-17.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 30-56.) The ALJ then issued a decision finding that Plaintiff was not disabled through the date of the decision. (T. 17-25.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-4). Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a

claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity.  Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.  If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted.  20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III.    The ALJ's Decision

In his January 10, 2013, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223 of the Social Security Act.  (T. 25.)  The ALJ made the following specific findings:

(1)    The claimant met the disability insured status requirements of the Act on December 4, 2010, the alleged date of disability onset, and continues to meet them through the date of this decision.

(2)    The claimant has not engaged in substantial gainful activity since the alleged date of disability onset.

(3)    The medical evidence established that the claimant has "severe" right shoulder degeneration, chronic pain syndrome, peripheral neuropathy, carpal tunnel syndrome and anxiety, but that he does not have an impairment or combination of impairments

> listed in, or medically equal to one listed in, Appendix 1 Subpart P, Regulations No. 4.

(4) The claimant has "mild" limitations in activities of daily living and social function, and "moderate" limitations in concentration, persistence, or pace. He has not experienced any extended episodes of decompensation.

(5) Although the claimant has a chronic mental illness, his impairment is not of the level of severity required to satisfy the C criteria of Listing 12.06.

(6) For the reasons discussed in the body of this decision, the testimony regarding the severity of the claimant's impairments and resulting functional limitations was not persuasive.

(7) The claimant retains the residual functional capacity to perform "light" work subject to the additional imitations discussed in the body of this decision.

(8) The claimant is unable to perform his past relevant work.

(9) The claimant is a "younger individual" and he has a "limited" education.

(10) Based on an exertional capacity for "light" work, and the claimant's age, education, and work experience, section 404.1569 and Rule 202.18, Table No. 2, Appendix 2, Subpart PO, Regulations No. 4 would direct a conclusion of not "disabled."

(11) Although the claimant is unable to perform the full range of "light" work, he is capable of making the adjustment to work that exists in significant numbers in the national economy. Such work includes employment as a mail clerk, an electronics worker, and a storage facility rental clerk. A finding of not "disabled" is therefore reached within the framework of the above cited Rule.

(12) The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision 20 CFR 404.1520(f).

(T. 24-25.)

## IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based

on the correct application of the law.  Id.

   **V.    Analysis[1]**

Plaintiff raises only one issue, whether the post-decision medical opinion of one of Plaintiff's treating physicians, Dr. Floberg, warrants remand.  The opinion of Dr. Floberg was submitted to the Appeals Council after the ALJ rendered his decision in the case.  The Appeals Council considered the new opinion, but found no reason to review the decision of the ALJ.  (T. 1-3.)  Plaintiff contends that Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011), requires that the Court remand this case.

In seeking review of a decision of an ALJ, a claimant may submit evidence to the Appeals Council that was not presented to the ALJ.  Meyer, 662 F.3d at 704.  Where a claimant presents new and material evidence to the Appeals Council that relates to the period on or before the date of the ALJ's decision:

> The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970; see also Meyer, 662 F.3d at 705.   If, however, after a review

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

of all the evidence in the record, including the new and material evidence, the Appeals Council determines that the decision of the ALJ is not contrary to the weight of the evidence, the Appeals Council may deny a claimant's request for review. Meyer, 662 F.3d at 705. The Appeals Council does not have to explain its rationale for denying review or make findings of fact like an ALJ. Id. at 705-6. "Only if the Appeals Council *grants* a request for review and issues its own decision on the merits is the Appeals Council required to make findings of fact and explain its reasoning." Id. at 706 (emphasis in original). Where the Appeals Council incorporates the new evidence into the record but denies the request for review, the question for this Court is whether, considering the record as a whole (including the new evidence submitted to the Appeals Council), the decision of the ALJ is supported by substantial evidence in the record. Wilkins v. Sec'y, Dep't Health Human Servs., 953 F.2d 93, 96 (4th Cir. 1991); see also Ellis v. Colvin, No. 2:12-cv-00018-MOC-DLH, 2013 WL 3976623 (W.D.N.C. Aug. 2, 2013) (Cogburn, J.) (unpublished).

In Meyers, the Fourth Circuit remanded the case because after a review of the entire record, including the opinion of a treating physician submitted to the Appeals Council, the Fourth Circuit could not determine whether substantial evidence supported the decision of the ALJ. 662 F.3d at 707. As the Fourth

Circuit explained in remanding <u>Meyers</u> for further fact finding:

> The ALJ emphasized that the record before it lacked "restrictions placed on the claimant by a treating physician," suggesting that this evidentiary gap played a role in its decision. Myer subsequently obtained this missing evidence from his treating physician. The evidence corroborates the opinion of Dr. Weissglass, which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence.

<u>Id.</u>

Unlike <u>Myers</u>, there is no need to remand this case for further fact finding because substantial evidence in the record supports the decision of the ALJ. There is no "evidentiary gap" in this case. In contrast to the situation in <u>Meyers</u>, the opinion of one of Plaintiff's treating physicians, Dr. Michael Dockery, was before the ALJ. The ALJ also had the benefit of the opinion of Dr. Albert Whitaker. Dr. Dockery found that Plaintiff could lift 10 pounds frequently and 20 pounds occasionally, which is consistent with the ALJ's findings. (T. 23, 366.) The ALJ considered these opinions in connection with the medical evidence and Plaintiff's statements of pain and assigned them significant weight. (T. 22.) In contrast, the opinion of Dr. Floberg submitted to the Appeals Council appears to be largely based on Plaintiff's subjective complaints, which the ALJ found to be not credible. (T. 22, 405-09.) Moreover, a review of the clinical evidence in the record does not support the significant limitations contained in Dr. Flobert's opinion. Upon a review of the entire record, including the new evidence submitted to the Appeals

Council, the Court finds that the decision of the ALJ is supported by substantial evidence in the record, and the new evidence does not require remand.

**VI.     Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 17], **DENY** Plaintiff's Motion for Summary Judgment [# 12], and **AFFIRM** the Commissioner's decision.

Signed: November 4, 2014

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).