UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00573-MOC-DLH

| | | |
|---|---|---|
| **STEPHEN J. ROWE JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation (#19) issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed. The Commissioner has not, however, filed any Reply to those objections.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's

1

proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that, in light of the unanswered Objections, the final decision of the Commissioner is not consistent with the instructions provided by the Fourth Circuit Court of Appeals in Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011).[1] The Appeals Council is required by 20, Code of Federal Regulation, Part 404.970, to review certain decisions of an ALJ. In pertinent part, the regulation provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970. In Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93 (4th Cir. 1991), the appellate court held that evidence is new if it "is not duplicative or cumulative," and is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Id. at 96. See also Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). More recently, the appellate court held in Meyer that even though the regulations do not require the Appeals Council to make findings when it rejects new

---

[1] Plaintiff's contention that the magistrate judge improperly reweighed the evidence is without merit.

and material evidence, "[i]n view of the weight afforded the opinion of a treating physician … analysis from the Appeals Council or remand to the ALJ for such analysis would be particularly helpful when the new evidence constitutes the only record evidence as to the opinion of the treating physician." While the magistrate judge determined that there was no evidentiary gap to be filled by Dr. Floberg's opinions, plaintiff has pointed to a number of work activities and work abilities as to which such opinion may have some relevance. Consistent with <u>Meyers</u> decision, the court finds that it would be "particularly helpful" in determining plaintiff's claim for the ALJ to consider Dr. Floberg's opinion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the plaintiff's Objections (#20) are **SUSTAINED** in part as discussed and **OVERRULED** in part as noted, the Memorandum and Recommendation (#19) is not affirmed, the Commissioner's Motion for Summary Judgment (#17) is **DENIED**, plaintiff's Motion for Summary Judgment (#12) is **GRANTED**, and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order

Signed: December 4, 2014

Max O. Cogburn Jr.
United States District Judge