UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00573-MOC-DLH

| | | |
|---|---|---|
| **STEPHEN J. ROWE JR.,** | ) | |
| Plaintiff, | ) ) ) | |
| Vs. | ) ) | ORDER |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the court on defendant's Motion for Fees under EAJA. While the Commissioner did not oppose the Objections filed by plaintiff, the Commissioner now opposes granting plaintiff's request for attorneys' fees under the Equal Access to Justice Act ("EAJA") arguing that, because the magistrate judge recommended affirming the Commissioner's final decision, the position of the government was "substantially justified" as that term is used in EAJA.

I.

EAJA authorizes the payment of attorneys' fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). While EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. Flores v. Shalala, 49 F.3d 562, 567 (9th

1

Cir.1995). The decision to deny EAJA attorney's fees is ultimately within the sound discretion of the court. Id.

A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. Flores, 49 F.3d at 567–68 (citation omitted). Plaintiff was the prevailing party as he received a sentence-four remand for further proceedings.

In determining whether the government's position was substantially justified, the court applies a reasonableness standard. Flores, 49 F.3d at 569. "The government has the burden of proving its positions were substantially justified." Hardisty v. Astrue, 592 F.3d 1072, 1076 n. 2 (9th Cir. 2010). The government must demonstrate that its position had a reasonable basis in both law and fact, Flores, 49 F.3d at 569–70, and that standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir.2001) (citation and corresponding quotation marks omitted). When it elects to challenge an application for an award, the government must justify both the original agency action and its litigation position. Gutierrez, 274 F.3d at 1259.

In Pierce v. Underwood, 487 U.S. 552, 569 (1988), the Supreme Court held that "[c]onceivably, the Government could take a position that is not substantially

justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." Thus, whether the government prevails in its position on the underlying issues is not dispositive of the issue of whether the government's position was "substantially justified." Id. Where this court ultimately reverses the final decision of the Commissioner, that determination serves as a strong indicator that the government's position was not substantially justified. Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) ( holding that "it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record") (internal quotations omitted).

II.

The government contends that because the Commissioner successfully persuaded Honorable Dennis L. Howell, United States Magistrate Judge, to recommend affirmance of her final decision, the Commissioner's position must be, *per force*, substantially justified. Plaintiff disagrees and contends that because he was ultimately successful in having this matter remanded, the position of the Commissioner was not substantially justified and he is entitled to his attorneys' fees under EAJA.

The court has carefully considered the novel argument that because the Commissioner was successful before the magistrate judge, plaintiff is foreclosed

from an award of EAJA fees. While the court appreciates the core logic of the Commissioner's argument, such argument does not take into account the impact of *de novo* review, creates a scenario where Article III jurisdiction over EAJA would be ceded where a magistrate judge issues a favorable recommendation, and, ultimately, amounts only to a factor, albeit an important one, which must be considered in a totality of the circumstances review under EAJA.

A.

Where a magistrate judge enters a Memorandum and Recommendation ("M&R") as to the disposition of motions for summary judgment, either party may file objections and the opposing party may file a response. Fed.R.Civ.P. 72(b)(3). Where, as here, objections are properly raised, this court conducts a *de novo* review of those portions of the M&R objected to, as Rule 72(b)(3) requires:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b)(3). As the court may "accept, reject, or modify the recommended disposition," it does not follow that a district court's discretion to award a fee under EAJA is foreclosed by an M&R that it declines to follow. Indeed, taken to its logical next step, the Commissioner's argument would automatically foreclose EAJA fees where the Commissioner is successful before the district court on the merits, but

reversed on appeal. Webster v. U.S. Dep't of Agric., 685 F.3d 411, 421 (4th Cir. 2012)(finding that the standard of review on appeal of a summary judgment determination is also *de novo*). When viewed in light of Rule 72(b)(3) and the nature of *de novo* review, the court cannot agree with the Commissioner's argument.

B.

As discussed above in context of the applicable standard for consideration of fee awards under EAJA, Congress has vested a great deal of discretion in the district court in determining EAJA applications. While the court will agree that a favorable recommendation supports the Commissioner in showing that her position was substantially justified, the court cannot find such a recommendation forecloses consideration of an EAJA application. To hold otherwise would require an implicit delegation of non-delegable discretion to magistrate judges under EAJA.

C.

While disagreeing with the Commissioner that the M&R forecloses an adverse finding under EAJA, that argument is better viewed as one that a favorable memorandum and recommendation should be considered as evidence that could support a finding that the Commissioner's position was substantially justified. In a totality of the circumstances test, the court would consider a favorable M&R as strong evidence supporting the government's defense of its position. It is not, however, a preclusive factor.

D.

With those considerations in mind, the court has considered the totality of the circumstances in determining whether the government was substantially justified in defending the final decision of the Commissioner. Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir.1993). The favorable recommendation of the magistrate judge is a strong factor supporting the Commissioner. This court's rejection of that recommendation in light of plaintiff's unopposed Objection diminishes the weight afforded such factor. Clearly, the Appeals Council erred when it failed to proceed in the manner mandated by Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011) (hereinafter "Meyer I"), and the Commissioner should have remedied that error when it was brought to her attention. In United States v. Granby LLC, 736 F.3d 309 (4th Cir. 2013), the Court of Appeals made it clear that courts are to look beyond the issue on which a claimant ultimately prevailed and determine whether the government's acted reasonably in causing the litigation or in taking a stance during the litigation. Id. at 315. The Granby court held that even unreasonable pre-litigation positions "will generally lead to an award of attorney's fees under the EAJA." Id. at 317.

The court has carefully considered the positions taken by the Commissioner in determining whether this litigation was substantially justified. 28 U.S.C. § 2412(d)(1)(A). This consideration includes positions taken by the Commissioner

administratively, before the magistrate judge, and before this court on *de novo* review once objections were filed. 28 U.S.C. § 2412(d)(2)(C). In sustaining plaintiff's unopposed objections, this court determined that:

> in light of the unanswered Objections, the final decision of the Commissioner is not consistent with the instructions provided by the Fourth Circuit Court of Appeals in Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011). The Appeals Council is required by 20, Code of Federal Regulation, Part 404.970, to review certain decisions of an ALJ. … [T]he appellate court held in Meyer that even though the regulations do not require the Appeals Council to make findings when it rejects new and material evidence, "[i]n view of the weight afforded the opinion of a treating physician … analysis from the Appeals Council or remand to the ALJ for such analysis would be particularly helpful when the new evidence constitutes the only record evidence as to the opinion of the treating physician." While the magistrate judge determined that there was no evidentiary gap to be filled by Dr. Floberg's opinions, plaintiff has pointed to a number of work activities and work abilities as to which such opinion may have some relevance. Consistent with [the] Meyers decision, the court finds that it would be "particularly helpful" in determining plaintiff's claim for the ALJ to consider Dr. Floberg's opinion.

Order (#21) at 2-3 (footnote omitted). In this court's view, the position taken by the Commissioner both administratively and before this court was not, in light of the requirements of Meyer I, reasonable as such decision placed an obligation on the Commissioner and the Appeals Council to analyze the physician opinion evidence at issue. Further informing that conclusion is the fact that plaintiff's administrative claim for disability was filed well after Meyer I was decided in 2011, making it unreasonable for the Appeals Council to deny review on August 6, 2013.

7

The court notes well that the plaintiff in Meyer I was ultimately unsuccessful in pursuing his claim for attorneys' fees under EAJA. See Meyer v. Colvin, 754 F.3d 251 (4th Cir. 2014) (hereinafter "Meyer II"). While the appellate court in Meyer II reversed the district court's award of attorneys' fees, it did so by finding that in Meyer I plaintiff had conceded that the government was correct in maintaining one of two litigation positions and that on the second position (on which plaintiff ultimately prevailed in Meyer I), a reasonable person would have believed that the government would prevail on that argument. Meyer II, 754 F.3d at 256.

That argument is not available here. By the time plaintiff herein filed his claim, Meyer I constituted binding circuit law. As plaintiff pointed out in his Objections, the ALJ found that the administrative record did not contain sufficient evidence to support plaintiff's testimony concerning back pain. Administrative Record ("AR") at 20. Evidence which could have assisted the ALJ in that very determination was, by the time this matter matriculated to the Appeals Council, found in the record in the form of Dr. Floberg's opinion evidence. AR at 405. In that opinion, Dr. Floberg specified a diagnosis and diagnostic code for plaintiff's back impairment and included clinical signs and symptoms he had noted. Id. Just as in Meyer I, unreviewed record evidence existed at the time of the Appeals Council's decision which could have filled an evidentiary gap previously identified by the ALJ; however, by August 2013, he Appeals Council should have been aware

of Meyer I. Despite the then settled requirement of Meyer I, the Appeals Council performed no analysis of the evidence that was before it, which ultimately required plaintiff to pursue judicial review. The court has also considered the impact of the memorandum and recommendation on whether the Commissioner's position was substantially justified. The court has given that determination substantial weight; however, in light of the Objections of plaintiff, which showed this court that error had occurred at the Appeals Council level, the Commissioner's position from that point forward was not substantially justified. By not responding to plaintiff's Objections, the Commissioner left the objected to portions of the magistrate judge's determination undefended. While the court does not fault the government for vigorously defending its position, under a totality of the circumstances test, see Roanoke River Basin Ass'n, 991 F.2d at 139, the position it defended could not be "substantially justified" under EAJA as it was contrary to the established law of this circuit well before the magistrate judge entered his recommendation.[1] Put another way, while Meyer I did not require the Commissioner to find in plaintiff's favor, it did require the Appeals Council to provide an analysis of evidence that could arguably fill an evidentiary gap previously identified by the ALJ.

---

1   The court in no manner faults counsel for the Commissioner *professionally* as the EAJA standard appears similar to the Section 1988 standard, both of which in no manner penalize counsel for zealous advocacy. An EAJA finding is separate, apart, and distinct from the professional standard expressed under Rule 11, the ABA model code, and the North Carolina Rules of Professional Responsibility. To make it clear, counsel for both sides have presented, prosecuted, and defended this case in a manner meeting this court's highest expectations.

Having carefully considered the request, the court finds that plaintiff was the prevailing party within the meaning of the EAJA, that defendant's position was not substantially justified, and that there are no other special circumstances that would make a fee award unjust. 28 U.S.C. § 2412(d)(1)(A).

III.

Finally, review of the application for fees reveals that it is a reasonable fee consistent with the requirements of EAJA, that it is supported by a *Loadstar* exhibit detailing the time spent on prosecution of this action, and that the hourly rate, while greater than the EAJA rate, is reasonable based on increases in the cost of living since the statutory rate was determined, the limited availability of qualified attorneys for this type of case, and the skill of this attorney, all of which justifies the higher fee. 28 U.S.C. § 2412(d)(2)(A).

As the challenge presented focused on substantial justification rather than the amount of the fee, the government is granted leave to file a motion to reconsider the actual amount of the award if it believes the amount of the award is inconsistent with 28 U.S.C. § 2412(d)(2)(A).

## ORDER

**IT IS, THEREFORE, ORDERED** that on defendant's Motion for Fees Under EAJA is **ALLOWED**, and a fee of award of $6,729.45 is granted.

The government shall pay attorney's fees in the amount of $6,729.45 in full satisfaction of any and all attorney's fee claims plaintiff may have in this case under EAJA. Pursuant to the United States Supreme Court's ruling in <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521 (2010), these attorneys' fees are payable to plaintiff as the prevailing party, and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt plaintiff may owe to the government. If, subsequent to the entry of the Court's EAJA Order, the Commissioner determines that Plaintiff owes no debt to the government that would subject this award of attorney fees to offset, the Commissioner may honor plaintiff's signed assignment of EAJA fees providing for payment of the subject fees to plaintiff's counsel, rather than to plaintiff. If, however, the Commissioner discovers that plaintiff owes the government any debt subject to offset, the Commissioner shall pay any attorney fees remaining after such offset to plaintiff, rather than to counsel.

Signed: April 17, 2015

Max O. Cogburn Jr
United States District Judge